UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NDX ADVISORS, INC., NDX CAPITAL MANAGEMENT, LLC, NDX HOLDINGS, INC., NDX TRADING, INC., and ST. CROIX CAPITAL MANAGEMENT, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVISORY FINANCIAL CONSULTANTS, INC. and RUTHE P. GOMEZ,<br><br>Defendants. | Case No: C 11-3234 SBA<br><br>**ORDER (1) DENYING MOTION TO COMPEL ARBITRATON AND (2) DENYING STIPULATION TO MODIFY PRETRIAL SCHEDULE**<br><br>Dkt. 65, 74 |

I.

Defendants Ruthe P. Gomez and Advisory Financial Consultants, Inc. (collectively "Defendants") have filed a motion to compel arbitration. Dkt. 65. The motion is supported by: a request for judicial notice, attached to which are several hundred pages of exhibits, Dkt. 65-2; a declaration by Ms. Gomez, which appends five exhibits, Dkt. 66; and a declaration by Patrick Baldwin, which also appends five exhibits, Dkt. 68. In their memorandum of points and authorities filed in support of the motion to compel, Defendants neglect to provide *any* specific citations to the aforementioned documents. Instead, Defendants offer only vague and non-specific citations such as, "*See* Gomez Declaration" and "*See* Request for Judicial Notice." See Defs.' Mem. at 3-5, Dkt. 65-1. As the Court warned Defendants in its prior Order, "'[t]he Court is not obligated to consider matters not specifically brought to its attention.'" Order Denying Defs.' Mot. to Dismiss at 6 (citation

omitted), Dkt. 48.  Therefore, the Court declines to consider Defendants' deficiently prepared motion at this juncture and denies the motion without prejudice.  Should Defendants refile their motion to compel arbitration, said motion must include specific pinpoint citations to the record.  For example, if the evidentiary support for a factual assertion is set forth in paragraph 5 of the declaration of Ms. Gomez, the motion shall cite to the record as "Gomez Decl. ¶ 5, Dkt. __."[1]  The Court directs Defendants' attention to The Bluebook for proper cite form.

## II.

Also before the Court is a document styled as "Agreed Stipulation and [Proposed] Order Vacating & Resetting Oral Discovery & Dispositive Motion Deadlines."  Dkt. 74.  In this stipulation, the parties indicate that they each have served discovery to the other, but have not responded to the pending discovery requests.  They claim that it "makes little sense" to proceed with discovery until such time as the Court rules on the motion to compel arbitration.  Id.  As such, the parties request that the Court modify its scheduling order issued on March 8, 2012, by extending the "oral discovery" deadline from August 31, 2012, to November 15, 2012, and the law and motion cut-off date from December 4, 2012 to December 17, 2012.  Id.[2]

Federal Rule of Civil Procedure 16 provides that deadlines established in a case management order may "be modified only for good cause[.]"  Fed. R. Civ. P. 16(b)(4).  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).  Thus, "Rule 16(b)'s 'good cause' standard primarily

---

[1] Defendants are not alone in their transgressions of the rules of this Court.  The Court's Standing Orders require the parties to meet and confer prior to the filing of any motion or request.  Dkt. 43 at 2. Defendants sought to meet and confer with Plaintiff on July 17, 2012, but Plaintiffs never responded to Defendants' request.  See Defs.' Mot. at 1.  The parties should be aware that the failure to meet and confer in good faith and/or the violation of any other procedural rule of this Court may result in the imposition of sanctions against counsel and/or their respective clients.

[2] The Court did not schedule an "oral discovery" deadline.  Thus, the Court presumes that the parties are referring to the fact discovery cut-off.

considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609). Here, the parties have made no showing of diligence to justify the enlargement of the deadline for completing fact discovery and the law and motion cut-off. Indeed, this case has been pending since January 24, 2011, thereby affording the parties ample time to complete discovery and to prepare any dispositive motions. The parties' request to modify the pretrial schedule is therefore denied.

### III.

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to compel arbitration is DENIED without prejudice.

2. The parties' stipulated request to modify the Court's pretrial scheduling order is DENIED.

3. This Order terminates Docket 65 and 74.

IT IS SO ORDERED.

Dated: October 18, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge